UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH LYNN WENGLAND,

        Petitioner,

v.                                              Case No: 6:23-cv-949-PGB-LHP

WARDEN, BREVARD COUNTY
JAIL COMPLEX,

        Respondent.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner, who is a pretrial detainee at the Brevard County Jail and proceeding *pro se*. Petitioner has brought the Petition under 28 U.S.C. § 2241.

The Petition concerns state criminal proceedings pending against Petitioner. Petitioner alleges that the state courts has failed "to proceed with speedy trial under Fla. Rules of Criminal Procedure 3.191(B)." (Doc. 1 at 2). He also alleges that certain DNA evidence demonstrates he "was excluded from mix DNA from victim." (*Id*. at 6). Petitioner requests that the Court dismiss the pending charges against him. (*Id*. at 7).

"[A] challenge to the legality of pretrial detention (as opposed to detention pursuant to a judgment of conviction) is properly brought pursuant to 28 U.S.C. § 2241." *Johnson v. Hinson*, No. CV 312-076, 2012 WL 6131106, at *2 (S.D. Ga. Nov. 16, 2012). Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004). "Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement." *Harvey v. Corbin*, No. CV311-074, 2011 WL 4369828, at *2 (S.D. Ga. Aug. 12, 2011). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he made a "fair presentation" of the federal claims to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Here, Petitioner has not indicated that he has exhausted his claims. The Florida state courts have adequate and effective state procedures for review of Petitioner's constitutional claims either before trial or in the event he is convicted of the charges presently pending against him. Petitioner presents no other argument which would warrant federal court interference in the normal functioning of the state's criminal processes. Federal habeas relief should not be

used as a "pretrial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 493 (1973). As such, Petitioner failed to exhaust his federal claim in the state courts, and he is procedurally barred from asserting them on federal habeas review. After exhausting available state remedies, Petitioner may pursue federal habeas proceedings. As a result, the Petition is dismissed without prejudice.

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of

3

appealability.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED without prejudice**.

2. This case is **DISMISSED without prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party